1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,

11

            Respondent,               No. CR S-00-0549 LKK KJM P

12

     vs.

13

JOSE ALCAZAR-VARGAS,

14

             Movant.            FINDINGS AND RECOMMENDATIONS

15

_____/

16

          Movant is a federal prisoner proceeding pro se with a motion under 28 U.S.C.

17

§ 2255.  Respondent filed an opposition to the motion on June 20, 2005.  Movant did not file a

18

reply.

19

          On May 3, 2001, movant pled guilty to conspiracy to manufacture marijuana

20

pursuant to a negotiated plea agreement.  On May 14, 2002, he was sentenced to 120 months

21

imprisonment.  One of the terms of movant's plea agreement was that he would not appeal or file

22

a motion under 28 U.S.C. § 2255.  Opp'n, Ex. 2 at 4; see also Docket No. 73.  Movant did not

23

appeal.  Movant commenced this action on March 25, 2004, and filed an amended petition on

24

October 1, 2004.

25

/////

26

/////

1    Respondent argues first that the court should dismiss this action because movant

2 waived his right to file a § 2255 motion in his plea agreement.  Opp'n at 3-4.  The Ninth Circuit

3 Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to

4 plea negotiations is enforceable except with respect to a claim that the waiver or plea was

5 involuntary.  See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005) (plea agreement

6 waiving the right to file a federal habeas petition is unenforceable with respect to an ineffective

7 assistance of counsel claim challenging voluntariness of the waiver).

8    Movant makes several generalized complaints in his motion, most of which

9 concern the conduct of his trial counsel.  While movant does aver that counsel failed to file a

10 notice of appeal as he requested, he does not argue or present facts indicating that the actions of

11 his counsel rendered his waiver of a right to file a § 2255 motion or his plea of guilty involuntary.

12 See Mem. P. & A. in Supp. Am. Pet. at 1-19.[1]  Movant's § 2255 motion therefore must be

13 dismissed as movant agreed not to file such a motion in his plea agreement.

14    In any case, as argued by respondent, movant's § 2255 motion is time-barred.  The

15 statute of limitations applicable to this action reads as follows:

16    A 1-year period of limitation shall apply to a motion under this
      section.  The limitation period shall run from the latest of –

17
     (1) the date on which the judgment of conviction becomes final;

18
     (2) the date on which the impediment to making a motion created
19    by governmental action in violation of the Constitution or laws of
      the United States is removed, if the movant was prevented from
20    making a motion by such governmental action;

21 /////

22 /////

23

24    [1] Movant also appears to raise a Blakely challenge to his sentence, based on Blakely v.
   Washington, 542 U.S. 296 (2004).  Am. Pet. at 6-14.  Respondent argues correctly that movant's
25 sentence was based on facts he admitted during the plea colloquy.  Blakely, 542 U.S. at 303-04;
   see also Opp'n Ex. 2, Attach. A; id., Ex. 3 at 28.  In any event, Blakely claims may not be raised
26 retroactively in petitions brought under § 2255.  Cook v. United States, 386 F.3d 949 (9th Cir.
   2004).

1

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

3

Supreme Court and made retroactively applicable to cases on collateral review; or

4

5

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

7

28 U.S.C. § 2255.

8

9

10

11

12

13

Judgment was entered with respect to movant's conviction and sentence on May 20, 2002.  Movant's conviction became final for purposes of the statute of limitations on May 30, 2002, because he did not appeal his conviction or sentence.  See United States v. Schwartz, 274 F.3d 1220, 1223-24 & n.1 (9th Cir. 2001).  The limitations period applicable to this action began to run on that day and expired approximately ten months before this action was filed on March 25, 2004.

14

15

In light of the foregoing, the court will recommend that movant's motion brought under 28 U.S.C. § 2255 be denied.

16

Accordingly, IT IS HEREBY RECOMMENDED that:

17

1.  Movant's motion brought under 28 U.S.C. § 2255 be denied;

18

2.  This case be closed; and

19

20

3.  The Clerk of the Court be directed to close the companion civil case No. CIV-S-04-0601 LKK KJM P.

21

22

23

24

25

26

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2007.

_____
U.S. MAGISTRATE JUDGE

1
alca0549.257